————o————

## No. 4139.

(Court of Appeal, Parish of Orleans.

## JOHN V. VANEK vs. HENRY L. MASON.

1. Where an act recites the price paid for real estate to have been one dollar ($1.00), and other consideration, and is signed by all the heirs (majors), who subsequently ratify and confirm the original sale by executing other acts in which they recite and declare the price to have been one dollar ($1.00) and "other consideration," exceeding in value the sum of five hundred dollars ($500.00), said confirmatory deeds will be held to have taken the transaction out of the category of a donation.
2. One of the vendors, a married woman, having been authorized by her husband to sign the original act of sale, it was unnecessary that she should be again authorized to sign the declaration setting out the value of "the other consideration," the said "declaration" or ratifying act being kindred if not part of the original act.

Appeal from the Civil District Court, Division "A."

Benj. Ory, Plaintiff and Appellee.

Geo. Montgomery, for Defendant and Appellant.

ESTOPINAL, J. The defendant having refused to comply

with an agreement entered into with plaintiff to purchase property, plaintiff sued to compel the defendant to accept the title tendered, and to comply with the terms of the agreement.

Defendant admits the sale but refuses to take title on the following grounds:

"That plaintiff purchased said property as averred in his petition, and that his vendor, the New Orleans Land Co., had purchased the same from Charles W. Hornor, of Washington, D. C., per act under private signature dated April 13th, 1891, which act is neither proved nor acknowledged. Charles W. Hornor had purchased from James M. Durant, wife of Edward J. Todd, Thomas Durant, Louisiana Durant and Sarah M. Durant, wife of Melville Cuhch (supposed to be the heirs of Thomas Jefferson Durant and Mary Harper Durant his wife), by deed of sale under private signature acknowledged before A. C. Stewart, Notary Public, at Washington, D. C., on February 28th, 1891, for the consideration stated in said deed of one dollar and settlement of partnership existing between said Hornor and Thomas Durant.

The said last mentioned act can be considered nothing but a donation, and not even a donation, because under private signature and inasmuch as the donors forced heirs still alive and they are themselves still living, the donation is subject to reduction as being in excess of the disposable portion at the death of any of said donors.

That it was sought to correct this defect in the title to said property by the execution by the aforementioned heirs o fDurant and wife of several acts under private signature in which they ratify and confirm said deed of sale and acknowledge that the consideration therefor was in excess of five hundred dollars, all of which latter acts under private signature are annexed to an act passed before A. J. Peters, Notary Public, on July 11th, 1902, but none of said acts make authentic proof of themselves for the reason that they are not properly acknowledged in the presence of two witnesses as required by law, and that the one executed by Mrs. Todd, does not bear the authorization of her husband, and there is absolutely no proof that the grantors in said several deeds are the only heirs of Thomas Jefferson Durant and wife."

The most serious ground urged by defendant affecting this title is "that the conveyance to Hornor by deed under private signature before A. G. Stewart, N. P., Washington, D. C., of date February 20th, 1891, the consideration named in the deed being one dollar, constitutes, under the law of this State (Article 2464 C. C.), a donation, and that the subsequent ratification by the heirs of Durant by several acts under private signature in which they acknowledge that the consideration given by Honor for the property was in excess of five hundred dollars ($500.00), does not cure the title, and if a ratification by the heirs is permissable, it is void and invalid when made by a married woman without the authorization of her husband.

At this juncture it may be observed that the title tendered by plaintiff vested in him by virtue of an authentic deed executed more than ten years ago, and has been of record in his name and so assessed during all that time. In view of the fact that the consideration named was one dollar ($1.00), and other valuable consideration, we do not think that the conveyance to Horner by the Durant heirs February 28th, 1891, to have been a donation, but even though it were a donation and therefore subject to revocation by forced heirs, it should be made to appear from the pleadings that there are heirs other than those signing the act collectively, and declaring themselves to be the sole and only heirs.

We do not discover any reason for holding that the subsequent ratification of the sale by the Durant heirs in which the consideration is fully set out as having been more than five hundred dollars ($500.00) is not legal and binding.

The original conveyance and the act confirming the sale and stating the consideration were kindred, if not the same transactions, and Mary H. Durant, wife of Edward J. Todd, having been authorized by her husband to sign the deed of sale to C. W. Horner, it appears to us that no further authorization was required for the wife who subsequently signed a deed confirmatory of that sale. At any rate, the declaration of the heirs ratifying the sale to Horner was received without objection. All of the acts of the Durant heirs to Horner recite that they are the only heirs of T. J. Durant, and oral testimony is produced to substantiate the ordinarily conclusive recitals of the

acts in that respect. The burden of proving that there are other heirs shifted to the defendant, and this he has failed to show.

Defendant's contention that the genuineness of the act of Horner "should have been shown by the attesting witnesses," is without merit. It is tantamount to saying that the proof could not be made if the witnesses to the document had either disappeared or died. Testimony was given and not objected to by defandant as to the authenticity of the act. This was sufficient.

Our learned Brother of the District Court has favored us with written reasons which so clearly and succintly cover every issue raised, that we shall adopt them as part of the reasons for the Judgment of this Court.

Says the District Judge:

"The plaintiff's vendor, the New Orleans Land Company, on April 13, 1891, jurchased the property herein involved from Charles W. Horner, by private act. The genuineness of this act is proved by the testimony of Charles Louque, Esp., no objection being made by Deft, that the attesting witnesses should have been produced."

Charles W. Horner, Plaintiff's Vendor's Vendor, purchased from the heirs of Thomas J. Durant, in Washington, D. C., by act acknowledged before A. G. Stewart, Notary, Feby. 28, 1891, the consideration stated being $1, and other considerations (settlement of partnership between said Horner and said Durant.)

The five heirs, who executed said deed of sale, declare that they are "the sole surviving children of Thomas J. Durant, deceased. "In this act, the heirs who are married women, viz: Mary H. Durant, wife of Edward J. Todd and Sarah H. Durant, wife of Melville Church, are authorized by their husbands, who signed the deed of sale to C. W. Horner, with them.

All of these heirs, in a subsequent deed acknowledged before A. T. Holtzman, a Louisiana Commissioner, appear and declare that in their sale to C. W. Horner, the "other consideration" than the $1 expressed exceeded in value the sum of $500. Mrs. Todd signed this declaration without her husband joining her. This deed and this declaration of the heirs were received without objection.

Mrs. Todd or her heirs would be estopped from gainsaying her solemn declaration before the commissioner. In this act in which she sold, she was authorized by her husband.

In her subsequent declaration she declares that $1 and over $500 of other consideration, was the price of the sale to C. W. Horner, the vendor of plaintiff vendor.

This cures the supposed defect which defendant suggests in this connection.

These heirs declare that they are the only heirs of T. J. Durant. Mr. Guy Horner knows them, and testified to their being the children of T. J. Durant.

If they were not the only children and heirs, he would have so stated. In the act of sale to C. W. Horner, these heirs declare that they are the sole children of T. J. Durant and this act was received without objection.

This shifted the onus to the defendant, and he failed to show that there are other heirs of said Durant.

My judgment is that there is no donation in the chain of title and that the title tendered to defendant is perfect, and that he should accept it and pay the price.

The judgment of the District Court is not error, and it is hereby affirmed.